IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KEVIN BROOKS                                                                                      PLAINTIFF

V.                                                                    CIVIL ACTION NO. 2:03CV380-B-D

ROBIN COSTA, MADDOX
HOCKEY, INC., AND MADDOX
FOUNDATION                                                                                      DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court upon the defendants' motion for summary judgment and the defendants' motion in limine. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Plaintiff Kevin Brooks originally filed this action in the Circuit Court of DeSoto County, Mississippi, on October 31, 2003, alleging claims against the defendants for breach of contract, sexual harassment, fraud and misrepresentation, and wrongful termination. Defendant Maddox Foundation ("the foundation") is a nonprofit corporation whose stated goals include improving the Northwest Mississippi community. Defendant Robin Costa is a trustee and manager of the foundation. In July 2002, the foundation hired the plaintiff as a consultant to aid it in the process of purchasing the Memphis RiverKings minor league hockey team and the Xplorers arena football team. The foundation had previously incorporated Maddox Hockey and Maddox Football for the purpose of these purchases. The plaintiff worked for the previous owner of the Memphis RiverKings, Horn Chen Sports, prior to being hired by the foundation. He was hired by Maddox Hockey in August 2002 as its assistant general manager. Brooks was also later promoted to general manager of Maddox Football.

The plaintiff alleges that his starting salary was $50,000 a year but was soon increased to $52,000. He asserts, however, that he was promised by Costa and Paul Morris, Secretary of Maddox Hockey, that he would receive $100,000 a year. Prior to his employment with Maddox Hockey, Brooks had informed Morris and Costa that he was aware of another job opportunity as general manager of a sports team in an uncertain location in an area somewhere south of Memphis. He stated that the job would pay $100,000 a year and required a two-year commitment. He alleges that Morris and Costa told him not to pursue this opportunity and that if he accepted a position with the foundation he would be "taken care of." He admits that he did not inquire into specifically what the phrase "taken care of" meant. Brooks was then hired by Maddox Hockey. He asserts that in addition to his salary he was to receive 10 percent commission on paid accounts and trade accounts, which included both accounts he sold and those he serviced. There is no written employment contract specifying any of the terms of the plaintiff's employment with Maddox Hockey.

During the course of his employment with Maddox Hockey, the plaintiff engaged in a romantic relationship with Costa. The relationship began in August 2002 and ended in October of the same year. The plaintiff states that the relationship officially became a romantic one on August 25, 2002, while the couple was on a business trip in Arizona. At some point during the relationship, the couple discussed the possibility of engagement and marriage.

Maddox Hockey terminated Brooks' employment in December 2002. The defendants allege that Brooks was terminated because he failed to do his job of making certain the team was successful. According to the plaintiff, he was terminated for attending an "inappropriate meeting" and failing to turn in sponsorship advertising contracts as had been requested. The "inappropriate meeting" refers to a meeting between Brooks and the RiverKings booster organization. Brooks

2

alleges that members of the booster club informed him that they had paid $43,000 in illegal compensation to members of the team. It is uncontested, however, that this activity occurred while the team was still owned by Horn Chen Sports. The plaintiff has made no allegations that Maddox Hockey or the foundation participated in any illegal activity. Brooks alleges, however, that he was fired because he had gathered this information. He stated that he reported the illegal activity to the IRS in Jackson, Mississippi, subsequent to his termination with Maddox Hockey.

In January 2003 a disagreement arose between the parties regarding the amount of commissions owed Brooks. The matter was not resolved, and the plaintiff filed the present suit. The defendants subsequently removed the case to this court and have now moved for summary judgment.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. Matsushita Elec.

3

Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

The court first addresses the plaintiff's claim for sexual harassment. Acknowledging that no cause of action for sexual harassment exists in Mississippi[1], the plaintiff argues that the claim presents a federal question and is properly before this court. The plaintiff admits, however, that neither Maddox Hockey nor the Maddox Foundation meet the statutory definition of "employer" under Title VII as each employed less than fifteen employees. 42 U.S.C. § 2000e(b). Apparently assuming that this fact works in his favor, the plaintiff argues that because the defendants are not Title VII employers, he is relieved of the requirement to file an EEOC charge prior to filing this lawsuit. The plaintiff's failure to file an EEOC charge is irrelevant, however. His failure to qualify the defendants as "employers" under Title VII is fatal to his sexual harassment claim. Rather than relieving the plaintiff of the burden of filing an EEOC charge, the fact that the Maddox entities are not "employers" renders the claim without merit. It is well-settled that "the number of employees determines a court's subject matter jurisdiction in a suit filed pursuant to Title VII." *Arbaugh v. Y&H Corp.*, 380 F.3d 219 (5th Cir. 2004). For these reasons, the court finds that the defendant is entitled to summary judgment on the sexual harassment claim.

The defendants have moved in limine seeking to prevent the admission of testimony regarding Costa's sexual history. The court's dismissal of the sexual harassment claim renders the defendants' motion in limine moot, and it shall be denied as such.

---

[1] *Vance v. W.G. Yates and Sons Constr. Co.*, 974 F. Supp. 879, 882 (N.D. Miss. 1997).

With regard to the remaining claims, examining the record in the light most favorable to the plaintiff, the court finds that Brooks has presented genuine issues of material fact including, but not limited to, whether Paul Morris and/or Costa made material misrepresentations to Brooks regarding his compensation and other employment matters and whether Brooks was fired because of information he had gathered while meeting with members of the RiverKings booster organization. Brooks has also presented a material question of fact as to the correct amount owed him in commissions.

## Conclusion

For the foregoing reasons, the court finds that the defendants' motion for summary judgment should be denied with respect to all claims except the plaintiff's claim for sexual harassment, and that the defendants' motion in limine should be denied as moot. A separate order in accord with this opinion shall issue this day.

This, the 15th day of April, 2005.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**